Rescript Opinions.

JOSEPH SAYLES *vs.* COMMONWEALTH. September 28, 1977. A single justice of this court correctly allowed the Commonwealth's motion to dismiss the petition for a writ of error and entered a judgment accordingly. The plaintiff was convicted of the offense of unlawfully carrying a firearm in 1972 and pleaded guilty to the further allegation in the indictment that the offense was a second or subsequent offense. See G. L. c. 278, § 11A. Although the allegations of the petition, prepared pro se, are obscure, it seems to be agreed that the plaintiff had been convicted in 1961 of unlawfully carrying a firearm in violation of G. L. c. 269, § 10. During the time between the plaintiff's two offenses, G. L. c. 269, § 10, was amended to require a greater sentence for a second offense than § 10 required in 1961. See G. L. c. 269, § 10, as amended through St. 1971, c. 456, §§ 5 and 6, and St. 1972, c. 312, § 5, for the statutory provisions in effect during 1972 and, for earlier provisions, G. L. c. 269, § 10, as amended through St. 1957, c. 688, § 23.

1. The plaintiff claims that the imposition of a sentence for a second offense based on § 10 as amended subsequent to his conviction of the first offense is unconstitutional as an ex post facto law. The claim is meritless. *Commonwealth* v. *Graves,* 155 Mass. 163, 164-165 (1892). *Ross's Case,* 2 Pick. 165, 169-170 (1824). *Spencer* v. *Texas,* 385 U.S. 554, 559-560 (1967). *Graham* v. *West Virginia,* 224 U.S. 616, 623-624 (1912). *McDonald* v. *Massachusetts,* 180 U.S. 311, 312-313 (1901). *Price* v. *Allgood,* 369 F.2d 376 (5th Cir. 1966). The statutory change required the imposition of a greater penalty for any relevant future crime. In its application here, § 10 does not involve a greater or second penalty for the earlier offense.

2. The plaintiff further claims he was advised neither of his right to a jury trial nor that a consequence of his guilty plea was a mandatory five year sentence "without parole." This question need not be considered on a writ of error and may be presented in the Superior Court by a motion for a new trial. *Commonwealth* v. *Penrose,* 363 Mass. 677, 680-681 (1973). *Earl* v. *Commonwealth,* 356 Mass. 181, 183 (1969).

*Judgment affirmed.*

The case was submitted on briefs.

*Wallace W. Sherwood* for the plaintiff.

*Francis X. Bellotti,* Attorney General, *Stephen R. Delinsky, Barbara A. H. Smith & John P. Corbett,* Assistant Attorneys General, for the Commonwealth.