WOLLMAN, Chief Justice.
 

 Appellant appeals from the judgment entered after she pleaded guilty both to a charge of passing a no-account check and to a charge of being a habitual offender. She contends that the trial court erred in that it unconstitutionally included a 1975 order of suspension of imposition of sentence in determining the number of her prior felonies for purposes of sentencing her for the present felony pursuant to the provisions of SDCL 22-7-8.
 
 *
 
 We affirm.
 

 In January of 1975 appellant pleaded guilty to a charge of issuing a no-account check. Imposition of sentence was suspended. At that time the statute authorizing the suspension of imposition of sentence (then SDCL 23-57-4) did not specifically authorize the use of such suspended impositions as prior felonies for the purpose of sentencing under the habitual offender statute. SDCL ch. 22-7. Language requiring such use was added by 1977 S.D. Sess. Laws, ch. 197, and is now codified as SDCL 23A-27-15. In
 
 State v. Cran,
 
 281 N.W.2d 81 (S.D.1979), we upheld the use of suspended impositions of sentence as prior felonies for the purpose of applying the habitual offender statute.
 

 Appellant contends that by using the 1975 suspended imposition as a prior felony in the instant prosecution, the trial court violated art. I, § 10, of the United States Constitution and art. VI, § 12, of the South Dakota Constitution, which prohibit the adoption of ex post facto laws. We do not agree.
 

 
 *868
 
 In addressing the very issue we face here, the United States Supreme Court held:
 

 Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the [habitual offender] Act was passed, makes the Act in validly retroactive or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one (citations omitted).
 

 Gryger
 
 v.
 
 Burke,
 
 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683, 1687 (1948). See also
 
 McDonald v. Massachusetts,
 
 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901);
 
 Danks v. State,
 
 619 P.2d 720 (Alaska 1980);
 
 State v. Pendergraft,
 
 124 Ariz.App. 449, 604 P.2d 1160 (1979);
 
 State v. Polson,
 
 93 Idaho 912, 478 P.2d 292 (1970);
 
 People ex rel. Carey v. Chrastka,
 
 83 Ill.2d 67, 46 Ill.Dec. 156, 161-62, 413 N.E.2d 1269, 1274-75 (1980);
 
 Collins v. State,
 
 415 N.E.2d 46, 55-56 (Ind.1981);
 
 Sayles v. Com.,
 
 373 Mass. 856, 367 N.E.2d 833 (1977); and
 
 State v. Maldonado,
 
 578 P.2d 296, 299-300 (Mont.1978).
 

 As this Court said in
 
 State v. DeMarsche,
 
 68 S.D. 250, 254-55, 1 N.W.2d 67, 69 (1941), our habitual offender statute “does not create a new offense, but merely prescribes a punishment for the subsequent offense which in the discretion of the court may be made more severe than the punishment provided for the prior offenses.” See also
 
 State v. O’Connor,
 
 265 N.W.2d 709 (S.D.1978);
 
 State v. Jameson,
 
 80 S.D. 333, 123 N.W.2d 300 (1963). As stated by the Supreme Court of Montana in
 
 State v. Maldonado,
 
 supra, “The [habitual offender] law did not punish defendant for past conduct, but merely notified defendant he was subject to increased punishment, if he in the future committed an additional felony crime.” 578 P.2d at 300.
 

 We conclude, therefore, that the trial court did not err in enhancing appellant’s sentence pursuant to SDCL 22-7-8.
 

 The judgment of conviction is affirmed.
 

 All the Justices concur.
 

 *
 

 SDCL 22-7-8 provides:
 

 When a defendant has been convicted of at least three prior felony convictions in addition to the principal felony, the sentence for the principal felony shall be enhanced to the sentence for a Class 1 felony.