COMMONWEALTH vs. TERENCE J. GRODEN. No. 88-P-915. February 7, 1989. *Motor Vehicle*, Operating under the influence, License to operate. *Statute*, Emergency law. *Constitutional Law*, Ex post facto law. *Practice, Criminal*, Sentence.

We are concerned in this case with the application to the defendant of the mandatory minimum sixty-day sentence of incarceration required by G. L. c. 90, § 23, as amended through St. 1986, c. 620, § 3,[1] for a defendant who has been convicted of operating a motor vehicle after his license has been revoked because of a prior conviction of driving under the influence.

The facts have been agreed upon. In July, 1986, the defendant's motor vehicle operator's license was revoked after he entered a guilty plea to a charge of operating a motor vehicle while under the influence of intoxicating liquor. See G. L. c. 90, §§ 24(1)(*a*)(1) and (1)(*b*), as appearing in St. 1982, c. 373, §§ 2 & 3. The defendant entered his guilty plea pursuant to a plea bargain. During the plea proceedings, the prosecutor, a probation officer, and the judge who accepted the plea warned the defendant (who was not

---

[1] General Laws c. 90, § 23, was amended by § 4 as well as § 3 of St. 1986, c. 620, but only § 3 is material to this decision.

represented by counsel) that his license would be revoked and that, if he drove after revocation, he would be incarcerated for a minimum of seven days. The warning furnished to the defendant was consistent with the mandatory minimum penalty called for by G. L. c. 90, § 23, prior to its amendment by St. 1986, c. 620, § 3, for the operation of a motor vehicle after the operator's license had been revoked because of a prior conviction of driving while under the influence. Upon his conviction for operating under the influence, the defendant was sentenced to spend fourteen days in a treatment facility and placed on probation for a period of two years.

On January 27, 1987, the defendant was charged, under G. L. c. 90, § 23, as amended through St. 1986, c. 620, § 3, with operating a motor vehicle after his license to do so had been revoked because of a prior "operating under" conviction. The defendant entered a plea of guilty to this charge. The judge who accepted the plea sentenced the defendant to sixty days in a house of correction, the mandatory minimum sentence called for by the amended G. L. c. 90, § 23, for someone convicted of such an offense. The defendant appeals. We reject the defendant's arguments urging that the lengthened punishment provisions of the amended G. L. c. 90, § 23, should not be applied to his conviction.

1. We do not agree with the defendant that St. 1986, c. 620, § 3, was not in effect on January 27, 1987, when he committed the offense under consideration. Section 3 of St. 1986, c. 620 (part of the so-called "Safe Roads Act" (the Act), a large group of amendments to G. L. c. 90, which, among other things, increased the penalties for certain serious violations of the motor vehicle laws) was approved on December 18, 1986. Statute 1986, c. 620, contained a preamble declaring the Act to be "an emergency law, necessary for the immediate preservation of the public safety." Pursuant to the emergency preamble, and under § 23 of the Act, the provisions of the Act became effective (with exceptions not here relevant, set out in § 23) to amend the various provisions of G. L. c. 90 on December 18, 1986. The reference in the emergency preamble to the immediate need for an increase in the penalties for operating under the influence did not restrict the preamble's application to the provisions of the Act that concerned that offense. The reference was merely illustrative of one of the more serious crimes addressed by the Act, and the reference served to highlight the Act's over-all importance. The emergency preamble, otherwise general and unlimited in its language, was obviously meant to bring the entire Act into effect immediately upon approval. Further, contrary to the defendant's argument, the Act was one which could be made the subject of an emergency preamble. See G. L. c. 4, § 1.

2. The imposition of the mandatory minimum sixty-day sentence called for by the amended G. L. c. 90, § 23, does not violate the constitutional prohibition against ex post facto laws. The increase in the mandatory minimum sentence under the amended G. L. c. 90, § 23, does not fall within any of the categories of ex post facto laws enumerated in *Common-*

*wealth* v. *Bargeron*, 402 Mass. 589, 590-591 (1988). The fact that the defendant's operating under the influence conviction (which forms the predicate fact for his increased punishment under the amended G. L. c. 90, § 23) occurred before the effective date of the Act is not material. The Act is prospective in operation. It applies to separate offenses committed after its effective date, but provides that the sentence for those separate offenses may be increased based upon a defendant's prior criminal conduct. A statute which approaches sentencing in this way is not an ex post facto law. *Commonwealth* v. *Graves*, 155 Mass. 163, 164-165 (1892). In *Sayles* v. *Commonwealth*, 373 Mass. 856, 856 (1977), G. L. c. 278, § 10, which punished the unlawful carrying of a firearm, had been amended after the plaintiff's first offense to impose a lengthened sentence upon conviction of a second offense. The court held that the plaintiff's sentencing under the amended law did not violate the prohibition against ex post facto laws. In *Commonwealth* v. *Murphy*, 389 Mass. 316 (1983), the reasoning of *Sayles* was extended to a subsequently enacted law which imposed a mandatory penalty for a second offense. In this case, as in the *Sayles* and *Murphy* cases, "[t]he enhanced punishment is imposed for a subsequent violation; it is not retroactive punishment for the first." *Commonwealth* v. *Murphy*, 389 Mass. at 320.

3. We also do not agree that the defendant should avoid the mandatory minimum sentence on the ground of fairness (assuming a legislative requirement could be avoided on such a basis). The defendant could not have reasonably relied upon the warning given to him at the guilty plea proceedings on the operating under the influence charge to conclude that a subsequent operating after revocation conviction would subject him to no more than seven days of incarceration. The defendant was told only that he would serve *at least* seven days if he risked driving after the revocation of his license. The warning was a correct statement of the mandatory minimum penalty under G. L. c. 90, § 23, as it appeared at the time of his plea. Judges, prosecutors, and probation officers cannot be expected to be clairvoyant. The amended law had been in place more than a month when the defendant consciously took the risk of getting behind the wheel of his car without a valid license.

4. The defendant's arguments that mandatory minimum penalties violate the concept of separation of powers and that prosecutors cannot lawfully charge offenses which limit a judge's range of sentencing options are without merit and need no discussion.

                                              *Judgment affirmed.*

  *Jack I. Zalkind* for the defendant.
  *George Fisher*, Assistant District Attorney, for the Commonwealth.