COMMONWEALTH vs. DENNIS A. CORBETT.

Middlesex. March 7, 1996. - April 4, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Motor Vehicle,* Operating under the influence. *Constitutional Law,* Ex post facto law. *Due Process of Law,* Sentence, Vagueness of statute. *Statute,* Construction. *Words,* "Like offense."

A defendant's conviction as a third-time offender under G. L. c. 90, § 24 (1) (*a*) (1), as amended through St. 1994, c. 25, § 3 (which extended the reach-back period for the two prior offenses from six to ten years and changed the character of the third offense from a misdemeanor to a felony) did not violate constitutional protections against ex post facto laws, where the enhanced punishment applied only to offenses after the effective date of the amendment and was not applied retroactively to any previous offenses. [393-394]

General Laws c. 90, § 24 (1) (*a*) (1), as amended through St. 1994, c. 25, § 3, which mandates enhanced punishment for third offenses of operating a motor vehicle while under the influence of alcohol, did not violate the due process rights of a defendant charged thereunder where the statute gave fair warning that after its effective date punishment would be enhanced based on prior convictions. [394-395]

For purposes of a felony prosecution under G. L. c. 90, § 24, (1) (*a*) (1), as amended through St. 1994, c. 25, § 3, for a third offense of operating a motor vehicle while under the influence of alcohol, there is no constitutional impediment to consideration of prior misdemeanor offenses of so operating as "like offenses" which then trigger enhanced punishment. [395-397]

COMPLAINT received and sworn to in the Somerville Division of the District Court Department on September 19, 1994.

The case was heard by *Brian R. Merrick,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Leo McAuliffe* (*Roger Witkin* with him) for the defendant.

*Lisa Spear McLean,* Assistant District Attorney, for the Commonwealth.

GREANEY, J. The defendant, Dennis A. Corbett, was convicted of operating a motor vehicle while under the influ-

ence of intoxicating liquor, third offense, in violation of G. L. c. 90, § 24 (1) (*a*) (1), as amended through St. 1994, c. 25, § 3, effective May 27, 1994 (1994 amendment), and he was sentenced to a term of imprisonment. The defendant appealed to the Appeals Court, contending that his conviction was unconstitutional insofar as he was convicted of a third offense. We transferred the case to this court on our motion. We reject the defendant's arguments and affirm his conviction.

The background of the case is as follows. On January 22, 1986, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor, based on an incident which occurred on November 18, 1985. On July 14, 1994, the defendant was convicted again of operating a motor vehicle while under the influence of intoxicating liquor in violation of G. L. c. 90, § 24 (1) (*a*) (1) (1992 ed.), prior to the 1994 amendment, based on an incident which had occurred on May 10, 1994. Although this was the second time the defendant had been convicted of operating a motor vehicle while under the influence of intoxicating liquor, he was not charged as a second offender because, as of May 10, 1994, G. L. c. 90, § 24 (1) (*a*) (1) (1992 ed.), provided that a defendant only could be charged under its second offense provision if a previous conviction or assignment to an alcohol education program had occurred within six years of the current offense.

In relevant part, the 1994 amendment provided as follows: "If the defendant has been previously convicted or assigned to an alcohol or controlled substance education, treatment, or rehabilitation program by a court of the commonwealth, or any other jurisdiction because of a like offense [of operating a motor vehicle while under the influence of intoxicating liquor] two times within ten years preceding the date of the commission of the offense for which he has been convicted, the defendant shall be punished" by a sentence which may include a term of imprisonment in a State prison. By this language, the amendment increased the reach-back period for the two prior offenses from six to ten years, and it changed the character of a third offense from a misdemeanor to a felony.

On September 17, 1994, the defendant once again was arrested for operating a motor vehicle while under the influence

of intoxicating liquor.[1] The defendant was charged under the 1994 amendment with operating a motor vehicle while under the influence of intoxicating liquor, third offense, with his January, 1986, and July, 1994, convictions serving as the two previous offenses.

The defendant filed a motion to dismiss the third offense portion of the charge, contending that "[i]f the defendant's first offense was time-barred to serve as a predicate for the second offense, it is axiomatic that it cannot serve as a predicate for a now alleged third offense." The motion was denied. After trial, the defendant was convicted as a third-time offender, and this appeal ensued.

The defendant argues that using his 1986 conviction as a prior offense under the 1994 amendment for a third offense charge acts to revive a previously time-barred offense, in violation of the ex post facto provisions of the United States Constitution and the Massachusetts Declaration of Rights, as well as being fundamentally unfair, in violation of his due process rights under both Constitutions. See art. 1, § 9, of the United States Constitution; Fourteenth Amendment to the United States Constitution; arts. 12 and 24 of the Declaration of Rights of the Massachusetts Constitution. The defendant also argues that the 1994 amendment is unconstitutional as applied, because the two previous offenses are not "like offense[s]" to the present offense because the prior offenses were misdemeanors and the present offense is a felony.

1. Based on well-established case law, we conclude that the defendant's conviction as a third-time offender did not violate constitutional protections against ex post facto laws.

In *Commonwealth* v. *Murphy*, 389 Mass. 316 (1983), we considered G. L. c. 90, § 24 (1) (*a*) (1), as appearing in St. 1982, c. 373, § 2, and held that ex post facto principles are not violated when a person convicted of operating while under the influence of intoxicating liquor, second offense, receives an enhanced penalty for previously having been convicted of a like offense, even though the prior offense occurred before the effective date of the law mandating an enhanced penalty. In rejecting an ex post facto challenge, we explained that "[t]he enhanced punishment is imposed for a subsequent

---

[1]The defendant also was arrested for operating a motor vehicle after his license had been suspended, and he subsequently was found guilty of the charge. That conviction is not at issue in this appeal.

violation; it is not retroactive punishment for the first. . . . The prior offense is not part of the crime charged; it relates only to punishment." *Id.* at 320-321. Other decisions have expressed analogous principles. See *Sayles* v. *Commonwealth*, 373 Mass. 856 (1977) (holding, in the context of an amended statute governing offense of unlawfully carrying firearm, second offense, that the "statutory change requir[ing] the imposition of a greater penalty for any relevant future crime . . . does not involve a greater or second penalty for the earlier offense"); *Commonwealth* v. *Graves*, 155 Mass. 163, 164-165 (1892) (holding that statute creating offense of "habitual criminal" for individuals who are convicted of a felony [after enactment of statute] who previously were convicted of two other crimes [either before or after enactment of statute] is not unconstitutional as an ex post facto law, since "[t]he statute relates to the judgment to be rendered and the sentence to be imposed in cases arising after it goes into effect. It is prospective and not retrospective"); *Commonwealth* v. *Groden*, 26 Mass. App. Ct. 1024, 1026 (1989) (holding that "[t]he fact that the defendant's operating under the influence conviction [which forms the predicate fact for his increased punishment under the amended G. L. c. 90, § 23] occurred before the effective date of the Act is not material. The Act is prospective in operation. It applies to *separate offenses committed after its effective date,* but provides that the sentence for those separate offenses may be increased based upon a defendant's prior criminal conduct. A statute which approaches sentencing in this way is not an ex post facto law").

In this case, the defendant's punishment was not retroactive punishment for any offense he committed prior to the 1994 amendment. The defendant only was charged for his criminal conduct on September 17, 1994. His prior offenses were not part of that conduct, but related only to the punishment he received for the current offense. There is no ex post facto problem.[2]

2. The defendant also asserts that using his 1986 conviction

[2]The defendant attempts to distinguish *Commonwealth* v. *Murphy,* 389 Mass. 316 (1983), and *Commonwealth* v. *Groden,* 26 Mass. App. Ct. 1024 (1989), the decisions which are most analogous, by arguing that, unlike the present case, they did not involve "a prior offense [which had] been time barred as a predicate offense, and then resurrected to serve as a predicate to

to serve as a previous offense was fundamentally unfair, thereby violating his due process rights under the Fourteenth Amendment and art. 12. We disagree.

In *Commonwealth* v. *Murphy, supra* at 323, we recognized that "a question of fundamental fairness in a due process sense" may arise in this type of case. We held, however, that due process principles are not violated when a statute enhances punishment for a crime committed after its enactment, based on prior offenses committed before its enactment. *Id.* at 324. In the *Murphy* decision, we also rejected the defendant's claim that G. L. c. 90, § 24 (1) (*a*) (1), as appearing in St. 1982, c. 373, § 2, subjected him to enhanced punishment without fair warning, concluding that "fair warning appears in the statute characterizing the consequences of any future violation and conviction, [and that there is] nothing in G. L. c. 90, § 24 (1) (*a*) (1), that is vague in a due process sense as applied to this case." *Id.* This reasoning applies here. The extended reach-back period created by the May 27, 1994, amendment did not turn any of the defendant's previous operating while under the influence convictions into punishable offenses, and the defendant had fair warning that, if he violated the statute after the 1994 amendment, his punishment could be enhanced based on his prior convictions.[3]

3. Finally, the defendant asserts that it was unconstitu-

an even more onerous sentence." This argument is not persuasive. The *Murphy* and *Groden* decisions held that a statute does not violate ex post facto principles when, under the terms of the statute, a prior conviction is used solely for the purpose of enhancing the punishment for offenses committed after the statute's effective date. The fact that a conviction was barred as a predicate offense under a preamendment version of a statute is irrelevant to the operation of this principle.

[3]The defendant attempts to distinguish this feature of the *Murphy* decision, arguing that, unlike this case, the predicate crime in the *Murphy* case was not time-barred to serve as a predicate offense at the time of the amendment. The defendant suggests that as a result of this difference, the fairness issue in this case is governed not by the *Murphy* decision, but by *Commonwealth* v. *Rocheleau*, 404 Mass. 129 (1989), which held that an amendment extending a statute of limitations cannot be applied retroactively to indictments already time-barred. See *Commonwealth* v. *Barrett*, 418 Mass. 788, 789 n.2 (1994) (recognizing the rule in the *Rocheleau* decision). The *Rocheleau* and *Barrett* decisions concerned statutes of limitations which involved the idea of turning conduct, which had been time-barred, into criminal conduct subject to a penalty. The 1994 amendment however, did not extend a statute of limitations. The amendment merely extended the reach-back period for predicate offenses, that is, the time frame governing

tional to treat him as a third-time offender under the 1994 amendment, because his two prior operating while under the influence convictions were misdemeanors and, therefore, not "like offense[s]" to the present felony charge. The defendant (citing no case law) asserts that, based on "the fabric of Anglo-Saxon law," and the stigmatic and legal consequences which attend a felony conviction, a misdemeanor conviction is fundamentally unlike a felony conviction and, accordingly, that his two prior misdemeanor convictions cannot be considered "like offense[s]" under the 1994 amendment. We reject the contention.

Significantly, the crimes of operating a motor vehicle while under the influence of intoxicating liquor, and operating a motor vehicle while under the influence of intoxicating liquor, second offense, were retained as misdemeanors under the 1994 amendment. If we were to accept the defendant's interpretation of the term "like offenses," no one ever could be convicted of operating while under the influence, third offense, until the offender had committed at least a fifth offense. The Legislature obviously did not intend that the revised offense be so applied. Further, without regard to the potential punishment accompanying the defendant's three convictions, the elements of each underlying criminal act remained the same. The defendant operated a motor vehicle on a public way while he was under the influence of intoxicating liquor. Under a plain and ordinary reading of the term "like offense," the three incidents clearly were "like offense[s]."[4] We conclude that it was not unconstitutional to treat the defendant's two previous convictions as "like offense[s]" to

what prior crimes could serve as a basis for the purpose of enhanced punishment. Extending a reach-back period does not raise the same concerns as extending a statute of limitations period retroactively.

[4]Despite the defendant's assertions, we attribute no significance to the fact that the provision of the 1994 amendment, which discusses a third offense, refers to a defendant's having been previously convicted for a "like offense," while the provision discussing a second offense, refers to a defendant's having been previously convicted for a "like violation." The defendant contends the Legislature must have had some purpose in changing the word "violation" to "offense," when changing the punishment from that of a misdemeanor to that of a felony. This argument is unconvincing because prior to the 1994 amendment, the operating while under the influence, second and third offense provisions, contained the same "violation" and "offense" distinction, even though at that time, a third offense was a misdemeanor.

his present operating a motor vehicle while under the influence of intoxicating liquor, third offense, felony charge.

*Judgment affirmed.*