MacLeod, Bonnie H., J.
Pursuant to G.L.c. 30A, §14, Richard McLaughlin (the “Plaintiff’) brought this action against the Contributory Retirement Appeals Board (“CRAB”) seeking judicial review of the CRAB’s decision to dismiss his appeal as untimely. The Plaintiff now moves for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c). For the following reasons, the motion is DENIED.
BACKGROUND
The following facts are derived from the administrative record.
On January 31, 2000, the Plaintiff, a retired firefighter, began receiving accidental disability retirement benefits from the Boston Retirement Board (“BRB”) pursuant to G.L.c. 32, §7. The Plaintiff was subsequently convicted of a felony, and incarcerated from January 15, 2009 through October 4, 2011.[1] The Plaintiff did not apprise the BRB of his conviction or incarceration. On or about July 15, 2011, the BRB became aware of the Plaintiffs incarceration, ceased his ongoing payments, and sought to recover the payments he received while incarcerated. Although the Plaintiff initially negotiated a repayment plan and signed an agreement with the BRB, he later asked for a waiver of repayment and requested a hearing. On December 2, 2011, the Plaintiff had a hearing with the BRB.
At its February 2012 Board Meeting, the BRB adopted the recommended decision of its hearing officer, and denied the Plaintiffs request for a waiver of recovery or repayment of the accidental disability retirement benefits the Plaintiff received while incarcerated. On March 13, 2012, the Plaintiff appealed the BRB decision to the CRAB. The CRAB then assigned the matter to the Division of Administrative Law Appeals (“DALA”) for a hearing. Both parties submitted cross motions for summary decision, and on September 7, 2012, the DALA issued its decision affirming the BRB’s decision to deny the Plaintiffs request for a waiver of the recovery or repayment of the benefits he received while incarcerated.
On October 1,2012, the CRAB received a letter from the Plaintiff wherein he noted objections to the DALA decision and sought additional.time to file documents. In doing so, the Plaintiff failed to object to the DALA decision within fifteen days as required by statute. G.L.c. 32, §16(4).
On October 2, 2012, after receiving the Plaintiffs letter, the CRAB ordered both parties to provide “any and all reasons why this appeal should or should not be dismissed as untimely.” On October 23, 2012, the BRB filed its response. On October 31, 2012, the Plaintiff filed his response. On November 16,2012, the CRAB issued its decision dismissing the Plaintiffs appeal for lack of jurisdiction, noting the appeal was filed outside the fifteen-day time limit established by G.L.c. 32, §16(4). The Plaintiff now seeks judicial review of the decision pursuant to G.L.c. 30A, §14.
DISCUSSION I. Standard of Review
The Plaintiffs Motion for Judgment on the Pleading is governed by G.L.c. 30A, §14. Pursuant to this statute, the reviewing court may reverse, remand, or modify an agency decision if “substantial rights of any party may have been prejudiced” because the decision is based on an error of law or unlawful procedure, is arbitrary or capricious or unwarranted by the facts found by the agency, or is unsupported by substantial evidence. Friends and Fishers of Edgarton Great Pond, Inc. v. Deparment of Envt’l Protection, 446 Mass. 830, 836 (2006). The parly challenging the agency decision bears the heavy burden of demonstrating its invalidity. Massachusetts Ass’n of Minority Law Enforcement Officers v. Abban, 434 Mass. 256, 263-64 (2001). Here, the Plaintiff challenges the CRAB’s decision to dismiss his objection for lack of jurisdiction.
II. Analysis
General Laws c. 32, §16(4), establishes a fifteen-day time limit for appealing a DALA decision to the CRAB. Such a statutory time limit for appealing an administrative decision is jurisdictional in nature. See Herrick v. Essex Regional Retirement Board, 68 Mass.App.Ct. 187, 189-90 (2007). When a matter is jurisdictional a court generally has no authority to review it. See Friedman v. Board of Registration in Medicine, 414 Mass. 663, 666 (1993). Therefore, where no objection is filed within the statutory time, the DALA decision becomes final, and the CRAB has no jurisdiction to consider an appeal. See Sears Roebuck & Co. v. State Tax Comm’n, 370 Mass. 127, 130 (1976). Here, the Plaintiff did not meet this statutory requirement. The language of the statute is clear on the time limit and the Legislature has not enacted an exception for extenuating circumstances. Contrast G.L.c. 30A, §14 (permitting extension of time to file for good cause). Here, deference to both the Legislature and the CRAB demands a result in which the Plaintiff is barred from further review.
*146 The Plaintiff argues that CRAB acted in bad faith or was negligent and is therefore entitled to a judgment in his favor. This argument is unavailing because the Plaintiff cannot provide evidence to substantiate his assertion of bad faith or behavior on the part of the CRAB.
Because the Plaintiff cannot prevail as a matter of procedure, there is no need to address the merits of his objections to the DALA decision.[2]
ORDER
For the foregoing reasons, the Plaintiffs Motion for Judgment on the Pleadings is DENIED pursuant to Mass.R.Civ.P. 12(c). Judgment shall enter AFFIRMING the decision of the Board.

 his conviction was affirmed by the Appeals Court and denied review by the Supreme Judicial Court, while the Plaintiff was still incarcerated. Commonwealth v. McLaughlin, 79 Mass.App.Ct. 670 (2011), rev. denied, 460 Mass. 1110 (2011).

 Notwithstanding the Plaintiffs failure to object to the DALA decision in a timely manner, he simply would not have prevailed on the merits. Operating under the influence of intoxicating liquor (third offense) pursuant to G.L.c. 90, §24(l)(a)(l) is a felony. See Commonwealth v. Corbett, 422 Mass. 391, 392 (1996). The language the Legislature used is unambiguous that the Plaintiff is not entitled to pay while incarcerated for having been convicted of a felony. G.L.c. 32, §7(d). Further, the Legislature made it equally clear that “under no circumstances” are such payments recoverable after incarceration. Id. There is thus no proper basis to overturn the DALA decision.