NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11818

ALFREDO TIRADO  vs.  BOARD OF APPEAL ON MOTOR VEHICLE LIABILITY POLICIES AND BONDS (and two consolidated cases[1]).


Norfolk.  Worcester.  Suffolk.     May 5, 2015. – July 28, 2015.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, & Hines, JJ.


Board of Appeal on Motor Vehicle Liability Policies and Bonds.
     Motor Vehicle, License to operate. License. Registrar of
     Motor Vehicles, Revocation of license to operate. Carrier,
     License. Practice, Criminal, Conviction, Admission to
     sufficient facts to warrant finding, Continuance without a
     finding.



     Civil action commenced in the Superior Court Department on January 3, 2013.

     The case was heard by Kenneth J. Fishman, J., on a motion for judgment on the pleadings.

     Civil action commenced in the Superior Court Department on February 28, 2013.

     The case was heard by Robert B. Gordon, J., on a motion for judgment on the pleadings.

_____

     [1] John J. Kelly vs. Registrar of Motor Vehicles & another; and Scott Channing vs. Registrar of Motor Vehicles & another.

Civil action commenced in the Superior Court Department on March 28, 2013.

The case was heard by Judith Fabricant, J., on a motion for judgment on the pleadings.

After consolidation of the cases in the Appeals Court, the Supreme Judicial Court granted an application for direct appellate review.

David R. Marks, Assistant Attorney General, for the defendants.
Dana Alan Curhan for Scott Channing.
Ryan E. Alekman, for Alfredo Tirado, was present but did not argue.
Cornelius J. Madera, III, for John J. Kelly, was present but did not argue.
William A. Quade, for United States Department of Transportation Federal Motor Carrier Safety Administration, amicus curiae, submitted a brief.

SPINA, J.  In these consolidated appeals, we are asked to determine if a defendant's admission to sufficient facts to warrant a finding of guilty and a judge's continuance of the case without a finding (CWOF) constitute a "conviction" as that term is defined in G. L. c. 90F, § 1,[2] governing the licensure of commercial drivers.  Judges in the Superior Court determined that it did not and vacated the decisions of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (board) upholding the suspension of the commercial drivers' licenses (CDLs) at issue by the registrar of motor vehicles (registrar).  The board

_____

[2] "Conviction," as defined in G. L. c. 90F, § 1, includes "a determination that a person has violated or failed to comply with the law in a court of original jurisdiction."

and the registrar appealed. The Appeals Court consolidated the three appeals, and we granted the parties' joint application for direct appellate review. As we explain, we vacate the decisions of the Superior Court and enter judgment in favor of the board.[3]

1. Background. The facts are undisputed. The specific details of each of the three appeals are not material to answering the question before us. Rather, it is enough to say that each plaintiff was licensed as a commercial driver and at some time was charged with operating a motor vehicle while under the influence of intoxicating liquor. Each plaintiff subsequently admitted to sufficient facts to warrant a finding of guilty, and the judge accepting each admission continued the case without a finding of guilty. Consequently, the registrar, after determining that the admission and CWOF were a "conviction" as defined in G. L. c. 90F, § 1, suspended the CDL of each plaintiff pursuant to G. L. c. 90F, § 9 -- in two cases, for life because the new offense was a subsequent offense.

Each plaintiff appealed the decision of the registrar to the board. The board, after a hearing, affirmed each decision of the registrar. Each plaintiff then sought judicial review of the board's decision under G. L. c. 30A, § 14. Judges of the

---

[3] We acknowledge the letter submitted by the United States Department of Transportation Federal Motor Carrier Safety Administration in lieu of an amicus brief.

Superior Court determined that a CWOF is not a conviction as that term is used in G. L. c. 90F and vacated the board's decision in each case.

2. Statutory framework. a. The 1986 act. General Laws c. 90F is the Legislature's adoption of the Federal Commercial Motor Vehicle Safety Act of 1986, Title XII of Pub. L. No. 99-570, codified at 49 U.S.C. §§ 31301 et seq. (1986 act). Enacted to address public concern over the substantial social and economic losses associated with accidents involving large trucks and buses, the purpose of the 1986 act was to improve the safety of commercial motor vehicle operations. 52 Fed. Reg. 20,574, 20,575 (1987). Congress identified two major issues it sought to address: (1) the practice by commercial drivers of obtaining licenses from multiple States, which facilitated the avoidance of consequences of license suspensions and revocations, and (2) a lack of uniformity or vitality in licensing procedures, qualifications, and evaluations among the States. Id. at 20,576.

To ensure uniformity in the application of the 1986 act among the several States, it requires Federal highway funds be withheld from a particular State if that State fails to comply substantially with a number of stated requirements. 49 U.S.C. §§ 31311(a), 31314 (2012). One of these requirements involves the consequences of operating while under the influence of

alcohol (OUI).  States are required to suspend the CDLs of those convicted of OUI or who refuse to be tested on suspicion of OUI. In the case of a first conviction or refusal, the suspension is for one year.  49 C.F.R. § 383.51 (Table 1) (2013).  A second conviction or refusal results in a lifetime disqualification or revocation.  Id.

"Conviction" is defined very broadly in the Federal regulations to include not only an "adjudication of guilt" but also a determination by an appropriate authority, judicial or administrative, that "a person has violated or failed to comply with the law."  49 C.F.R. § 383.5 (2013), added by 53 Fed. Reg. 39,044, 39,051 (1998).  Under this definition of "conviction," a person "referred to a remedial program as a substitute for the imposition of a penalty, fine, or other sanction" would be subject to a CDL suspension.  53 Fed. Reg. at 39,047.

b.  The antimasking amendment.  Despite these efforts, Congress in 1999 determined that safety on the roads could be improved further.  It enacted the Motor Carrier Safety Improvement Act of 1999, Pub. L. No. 106-159, 113 Stat. 1748 (1999 act).  The 1999 act increased the range of offenses that could disqualify a person from maintaining a CDL.  For example, before 1999 only convictions of operating commercial vehicles while under the influence of alcohol resulted in disqualification.  See 100 Stat. 3207-177 to 3207-178.  Under

the 1999 act, convictions of operating noncommercial motor vehicles under the influence of alcohol are now included. See 113 Stat. 1759. Additionally, States are explicitly forbidden from disguising or masking the recording of convictions for such offenses. 49 U.S.C. § 31311(a)(19) (2012). The corresponding regulations state that the "State must not mask, defer imposition of judgment, or allow an individual to enter into a diversion program that would prevent a . . . conviction" from appearing in the national database. 49 C.F.R. § 384.226 (2013), added by 67 Fed. Reg. 49,742, 49,762 (2002) and amended by 76 Fed. Reg. 26,895 (2011). In promulgating this regulation, the Federal Motor Carrier Safety Administration (FMCSA) explained that the antimasking provision was "intended to prohibit States not only from masking convictions, but also from using diversion programs or any other disposition that would defer the listing of a guilty verdict on a CDL driver's record. . . . The FMCSA urges State Executive Branch agencies to work with the State Judicial Branch to eliminate the practice of masking. This practice allows unsafe drivers to continue to pose a risk to other motorists by allowing their continued operation on the nation's highways." 67 Fed. Reg. at 49,749-49,750.

c. State adoption. The Legislature first adopted the 1986 act in 1990 and codified it as G. L. c. 90F. St. 1990, c. 246, § 2. In response to Congress's 1999 efforts, the Legislature

further amended c. 90F in 2006. St. 2006, c. 119, §§ 2-7. The 2006 amendment included the new antimasking provision and specifically referenced 49 C.F.R. § 384.226. St. 2006, c. 119, § 19. Additionally, regulations promulgated by the registrar specifically incorporate all the provisions of 49 C.F.R. Part 383. 540 Code Mass. Regs. § 2.06(9) (1999).

3. Standard of review. The issue raised in this case is one of statutory interpretation -- whether an admission to sufficient facts to warrant a finding of guilty and CWOF is a determination that a person "has violated or failed to comply with the law" within the meaning of "conviction" as that term appears in G. L. c. 90F, § 1. This question does not involve any gaps in the statute to which the board needs to apply its specialized knowledge relating to motor vehicles and driving rules to give the statute meaning. The interpretive question here is purely legal and we review it de novo because "[t]he duty of statutory interpretation rests ultimately with the courts." Souza v. Registrar of Motor Vehicles, 462 Mass. 227, 229-230 (2012), and cases cited.

4. Discussion. We arrive then at the heart of the question in the case before us. The board[4] argues that the

---

[4] For the purpose of clarity in the remainder of this opinion, we refer to the board and registrar collectively as the board.

plaintiffs' admissions to sufficient facts to warrant a finding of guilty and CWOFs are convictions for the purposes of c. 90F. Relying primarily on our decision in Souza, supra at 235, the Superior Court reasoned that an admission to sufficient facts and CWOF were not a "determination that a person has violated or failed to comply with the law." G. L. c. 90F, § 1.

In Souza, we considered whether an admission to sufficient facts and CWOF were a "conviction" for the purposes of G. L. c. 90, § 24 (1) (f) (1). Souza, 462 Mass. at 227-228. Under the terms of the version of that statute at issue in Souza, "a person shall be deemed to have been convicted if he pleaded guilty or nolo contendere or was found or adjudged guilty by a court of competent jurisdiction, whether or not he was placed on probation without sentence or under a suspended sentence or the case was placed on file . . . ." G. L. c. 90, § 24 (1) (d). There the board argued that, although an admission to sufficient facts was not explicitly included in the definition of "convicted" in § 24 (1) (d), the statute's purpose of increasing the penalties of repeat drunk driving required a liberal reading of the statutory language. See Souza, supra at 231. We rejected this argument and stated that the failure of the definition of "convicted" to include an admission to sufficient facts was fatal to the board's argument when the Legislature had

included that specific term elsewhere in the same statute. Id. at 232.

The plaintiffs note that after our decision in Souza, the Legislature amended G. L. c. 90, § 24 (1) (d), to include an admission to sufficient facts within the definition of "convicted." St. 2012, c. 139, § 98. They urge that a similar result should follow in this case. While we agree that legislative action specifically including an admission to sufficient facts in the definition of "conviction" in G. L. c. 90F would definitively settle the question before us, the reasoning in Souza when applied to the statute here leads us to the opposite conclusion from that of Souza because the definition of conviction in G. L. c. 90F, § 1, is broader than in G. L. c. 90, § 24 (1) (d). Under G. L. c. 90F, § 1, the definition of "conviction" encompasses an admission to sufficient facts and CWOF.

An "admission to sufficient facts" means an admission to facts sufficient to warrant a finding of guilty. Commonwealth v. Duquette, 386 Mass. 834, 838 (1982). "An admission to sufficient facts is very much like an Alford plea or a plea of nolo contendere, in that the defendant does not explicitly admit guilt." Reporters' Notes to Rule 12, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1490 (LexisNexis 2014). The plaintiffs argued -- and the Superior Court agreed -- that

an admission to sufficient facts is not "a determination that a person has violated or failed to comply with the law" because the defendant admitting the facts is not admitting his guilt. G. L. c.  90F, § 1.

The plaintiffs further contend that no judicial determination takes place at all because the disposition of a CWOF merely continues the case to a future date.  Successful fulfilment of the probationary conditions during the pendency of the continuance results in the dismissal of the complaint or indictment.  Commonwealth v. Pyles, 423 Mass. 717, 722-723 (1996).  Violation of the probationary conditions of a CWOF does not result in the automatic imposition of the stayed sentence but instead "may ripen into an adjudication of guilt and imposition of sentence" (emphasis added).  Commonwealth v. Villalobos, 437 Mass. 797, 801 (2002).  The fact that a criminal defendant avoids either admitting his or her guilt or having a court adjudicate his or her guilt under this practice is the linchpin to the plaintiffs' argument that no determination that a person has violated or failed to comply with the law has occurred.

We do not think the issue of admission or adjudication of the guilt of a defendant is dispositive of the question whether a determination has been made that a person has violated or failed to comply with the law.  Such an argument acknowledges

only the form of the end result of the practice without regard for its operation and purpose. The mutual benefits of a pretrial disposition of charges are well known and do not need to be repeated here. See Duquette, 386 Mass. at 843. The procedure by which a court allows the case against a defendant to be continued without a finding of guilty necessarily requires that the defendant admit to sufficient facts to warrant such a finding -- that is to say, the facts that would demonstrate that he or she had violated or failed to comply with the law.

An admission to sufficient facts to warrant a finding of guilty "triggers the same safeguards required when a defendant offers to plead guilty." Commonwealth v. Lewis, 399 Mass. 761, 763 (1987). See Mass. R. Crim. P. 12 (a) (2), (a) (3), as appearing in 470 Mass. 1501 (2015). "The judge shall conduct a hearing to determine the voluntariness of a plea or admission and the factual basis of the charge" (emphasis added). Mass. R. Crim. P. 12 (c) (5), as appearing in 442 Mass. 1511 (2004). The rule further describes the procedures to be followed for a plea or admission to sufficient facts. Commentators and the established practice in the District Court indicate that a judge would not and should not accept an admission to sufficient facts unless that admission had a factual basis to support a finding of guilt of the crime charged. See E.B. Cypher, Criminal Practice and Procedure § 24:76 (4th ed. 2014). Indeed, it is

illogical to conclude that a defendant could receive the disposition of a CWOF without first admitting to sufficient facts that satisfied the judge that he or she was guilty. See Mass. R. Crim. P. 28 (b), 378 Mass. 898 (1979). See also Commonwealth v. Norrell, 423 Mass. 725, 727 n.5 (1996).

The reason an admission to sufficient facts triggers the same safeguards as a guilty plea is that a violation of the conditions of a CWOF may result in the immediate adjudication of guilt and imposition of sentence without requiring the Commonwealth to offer any further evidence of the underlying offense. See Commonwealth v. Tim T., 437 Mass. 592, 596-597 (2002). See also Commonwealth v. Mahadeo, 397 Mass. 314, 316 (1986). If a judge can enter a finding of guilty and impose sentence without taking any further evidence of the underlying offense after a violation of the conditions of a CWOF, it follows that an implicit determination has been made that the defendant "has violated or failed to comply with the law." We therefore conclude that a CWOF falls within the definition of "conviction," as that term is used in G. L. c. 90F, § 1.

Our analysis is bolstered by the statutory scheme itself. The Legislature, in enacting c. 90F, required that it be "liberally construed to promote the public health, safety and welfare" and emphasized that "[t]o the extent that the provisions of this chapter conflict with the general operator

licensing provisions of [G. L. c. 90, which was the chapter at issue in <u>Souza</u>], <u>this chapter prevails</u>" (emphasis added).  St. 1990, c. 246, § 1.  The Legislature is clearly acting within its powers when it defines a general term beyond its ordinary meaning for use in a particular piece of legislation.  See <u>Kerins</u> v. <u>Lima</u>, 425 Mass. 108, 114-115 (1997).  The definition of "conviction" at issue here compels the result we reach.  See G. L. c. 90F, § 1 ("As used in this chapter . . .").  Finally, the specific reference in G. L. c. 90F, § 13, to 49 C.F.R. § 384.226 and the complete incorporation of 49 C.F.R. Part 383 by 540 Code Mass. Regs. § 2.06(9) (1999) clearly demonstrate the intent of the Legislature to fully comply with the Federal framework and its interpretations, which would arrive at the same conclusion we have here today.

5.  <u>Conclusion</u>.  For the reasons stated, we hold that an admission to sufficient facts to warrant a finding of guilty and the continuance of the case without a finding of guilty is a "conviction" as that term is defined in G. L. c. 90F, § 1.  Accordingly, we vacate the decision of the Superior Court in each case and enter judgment for the board.

<u>So ordered</u>.