NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-345

OLIVER PERRY

vs.

REGISTRY OF MOTOR VEHICLES & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Registrar of Motor Vehicles revoked plaintiff Oliver Perry's commercial driver's license (CDL) for life after he refused a breath test.  General Laws c. 90F, § 9 (B), instructs that drivers be disqualified for life from holding a CDL after two or more violations of enumerated offenses or two or more breath test refusals, "or any combination of those offenses, arising from [two] or more separate incidents."  This was the plaintiff's second offense:  In 1999, he received a continuance without a finding (CWOF) on an operating a motor vehicle under the influence of intoxicating liquor charge after he admitted to

_____

[1] Board of Appeal on Motor Vehicle Liability Policies and Bonds.

sufficient facts to warrant a finding of guilt.  See Tirado v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 472 Mass. 333, 339 (2015) ("CWOF falls within the definition of 'conviction,' as that term is used in G. L. c. 90F, § 1").  After a hearing, the Board of Appeal on Motor Vehicle Liability Policies and Bonds (board) upheld the lifetime revocation.  A Superior Court judge affirmed the board's decision on judicial review under G. L. c. 30A.  We affirm.

Discussion.  "Our review pursuant to G. L. c. 30A, § 14, 'is limited to determining whether the agency's decision was unsupported by substantial evidence, arbitrary and capricious, or otherwise based on an error of law.'"  Sullivan v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 97 Mass. App. Ct. 818, 821 (2020), quoting Haverhill Retirement Sys. v. Contributory Retirement Appeal Bd., 82 Mass. App. Ct. 129, 131 (2012).  "[W]e review questions of statutory interpretation de novo, giving substantial deference to a reasonable interpretation of a statute by the administrative agency charged with its administration and enforcement," Burke v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 90 Mass. App. Ct. 203, 205-206 (2016), unless the "question does not involve any gaps in the statute to which the board needs to apply its specialized knowledge relating to motor vehicles and driving

2

rules to give the statute meaning." Tirado, 472 Mass. at 336-337. "The burden is on the plaintiff to demonstrate the invalidity of the administrative determination." Sullivan, supra at 821. Our review on appeal is limited to arguments that were properly preserved before the administrative agency and the Superior Court judge. See Fitzpatrick v. Department of Correction, 102 Mass. App. Ct. 617, 624 n.12 (2023), quoting Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) ("An issue not raised or argued below may not be argued for the first time on appeal"); Doucette v. Massachusetts Parole Bd., 86 Mass. App. Ct. 531, 535 (2014), quoting Catlin v. Board of Registration of Architects, 414 Mass. 1, 7 n.7 (1992) ("To preserve an issue for appeal from an agency's decision, a party must raise the issue before the agency").

The plaintiff raises three principal arguments in his brief before this court. First, he contends that it was arbitrary and capricious for the board to count the defendant's 2018 breath test refusal as an offense under G. L. c. 90F, § 9 (B), in light of the reliability issues with breath tests at that time. See Commonwealth v. Hallinan, 491 Mass. 730, 738-743 (2023). This argument is waived because it was not properly raised in Superior Court. Although the plaintiff mentioned that

3

breathalyzer results had been excluded in criminal trials as a passing comment, the plaintiff did not provide the Superior Court judge with legal argument that this should preclude the plaintiff's own breath test refusal from being counted as an offense.  In any event, any issue with breathalyzer results provides a basis for contesting the results; it does not provide drivers the right to refuse the test without civil consequences. See id. at 755.

Second, the plaintiff contends that he should not be held to the same standard as Caucasian drivers because he is a person of color, and thus statistically more likely to be pulled over. This argument is likewise waived because it also was not raised as an argument in the Superior Court.  Although the plaintiff provided some statistics to the Superior Court judge in two footnotes, the plaintiff did not argue to the Superior Court judge that the statistics created a legal basis for reversing the board's decision.[2]

---

[2] We note that the plaintiff does not suggest that either of his stops were racially motivated, so he would not even meet the standard in criminal cases for suppressing racially motivated traffic stops.  See Commonwealth v. Long, 485 Mass. 711, 713 (2020) ("A defendant seeking to suppress evidence based on a claim that a traffic stop violated principles of equal protection bears the burden of establishing, by motion, a reasonable inference that the officer's decision to initiate the stop was motivated by race or another protected class").

Finally, the plaintiff argues that a lifetime CDL revocation is severe enough that it is punitive, entitling him to due process protection against ex post facto laws. See Gordon v. Registry of Motor Vehicles, 75 Mass. App. Ct. 47, 50 (2009) ("every law which 'changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed,' is in violation of the ex post facto clause of the United States Constitution" [quotation and citation omitted]). It is settled law, however, that the "purpose [of license revocation] is to protect the public from future harm by depriving the unsafe or irresponsible driver of his or her authority to continue to operate a motor vehicle. Because its main purpose is public safety rather than punishment, revocation of a driver's license is properly characterized as nonpunitive." Burke, 90 Mass. App. Ct. at 209, quoting Luk v. Commonwealth, 421 Mass. 415, 426-427 (1995). This holds true for lifetime bans. See Sullivan, 97 Mass. App. Ct. at 823 n.11. See also Gordon, supra at 57, quoting Rushworth v. Registrar of Motor Vehicles, 413 Mass. 265, 269 n.5 (1992) ("there is no fundamental right to operate a motor vehicle"). Regardless, there was no ex post facto application of the statute here; the plaintiff's breath test refusal occurred after the 2006 amendments to G. L. c. 90F, § 9. See Commonwealth v. Corbett,

5

422 Mass. 391, 395 (1996), quoting Commonwealth v. Murphy, 389 Mass. 316, 324 (1983) ("due process principles are not violated when a statute enhances punishment for a crime committed after its enactment, based on prior offenses committed before its enactment").

Judgment affirmed.

By the Court (Milkey, Henry & Desmond, JJ.[3]),

Assistant Clerk

Entered:  June 14, 2024.

---

[3] The panelists are listed in order of seniority.