## Commonwealth *vs.* Luzander Montoya.

Hampden. February 9, 2010. - June 15, 2010.

Present: Marshall, C.J., Ireland, Spina, Cowin, Cordy, Botsford, & Gants, JJ.

*Resisting Arrest. Arrest. Evidence,* Flight.

This court concluded that G. L. c. 268, § 32B (*a*) (2), comprehends a defendant's flight where the circumstances of such flight expose his pursuers to a substantial risk of bodily injury. [104-105]

At the trial of an indictment charging the defendant with resisting arrest in violation of G. L. c. 268, § 32B, the judge properly denied the defendant's motion for a required finding of not guilty, where, viewing in the light most favorable to the Commonwealth the defendant's flight when police officers attempted to arrest him, a rational jury could have concluded that the defendant created a risk of bodily injury to the officers pursuing him, in the form of a fence located at the precipice of a canal, which presented a tripping hazard (especially in dim light), as well as the canal itself. [105-106]

Indictment found and returned in the Superior Court Department on October 26, 2005.

The case was tried before *Tina S. Page*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Carlo A. Obligato*, Committee for Public Counsel Services, for the defendant.

*Thomas H. Townsend*, Assistant District Attorney, for the Commonwealth.

Ireland, J. In 2006, a jury convicted the defendant of resisting arrest. G. L. c. 268, § 32B. The trial judge previously had denied the defendant's motion and renewed motion for a required finding of not guilty. The defendant appealed, and the Appeals Court affirmed. *Commonwealth* v. *Montoya*, 73 Mass. App. Ct. 125 (2008). We granted the defendant's application for further appellate review. On appeal, the defendant's sole claim is that the judge erred in denying his motions where there was insufficient evidence that his flight from police while they were ef-

fecting his arrest created a substantial risk of injury to police within the meaning of the statute.[1] Because we conclude that there was sufficient evidence that the circumstances of his flight created such a risk, we affirm his conviction.

*Facts.* We present the essential facts, reserving certain details for our discussion of the issue raised.

At approximately 10 P.M. on September 11, 2005, two uniformed police officers were on patrol in their cruiser in a Holyoke neighborhood. One officer testified that he saw a person dressed in a dark hooded sweatshirt and shorts, riding a bicycle. The person, whom the officer identified at trial as the defendant, extended his arm and fired three gunshots.[2]

The officers intended to take the defendant into custody. They activated the lights on their cruiser and shouted at him to stop. The officers followed in their cruiser as the defendant fled on the bicycle down several streets. The defendant then stopped and ran behind some stairs. The officers got out of their cruiser with guns drawn and twice ordered the defendant to raise his hands and come out from behind the stairs. Instead, the defendant fled on foot.

The officers pursued the defendant, who ran into a parking lot near a canal. It was "dark" and "dim." Although the canal was fenced off, a piece of the fence was damaged and bent, which provided a place over which the defendant could jump. The defendant testified that when he jumped over the fence, he thought there was land on the other side on which he could continue his flight. He realized his mistake only after he landed in the canal, a drop of approximately twenty to twenty-five feet.

---

[1]Cf. *Commonwealth* v. *Quintos Q., post* 107 (2010), released today, reversing an adjudication of delinquency for resisting arrest where there was insufficient evidence to prove that the juvenile was under arrest when he fled from police.

[2]At trial, the defendant acknowledged that he was riding a bicycle in the area at that time. He testified that he was in the neighborhood selling drugs and fled primarily because he feared being arrested and charged with drug possession. He denied he that he had fired a gun. No weapon was found. The officer testified that, as he was following the defendant, he did not see the defendant throw anything away. Police did not test the defendant or his clothing for gunshot residue. A search of the canal (see text, *infra*) turned up nothing.

The defendant was acquitted on indictments charging assault and battery by means of a dangerous weapon, illegal possession of a firearm and ammunition, and discharge of a firearm within 500 feet of a dwelling.

The officers did not follow him over the fence, but told the defendant that he was under arrest and to keep his hands where they could see them. The defendant "made no further attempt at flight and was ultimately retrieved from the canal when a ladder was lowered to him [after which he] was taken into custody without further incident." *Commonwealth* v. *Montoya, supra* at 127.

*Discussion.* General Laws c. 268, § 32B (*a*), provides, in pertinent part:

> "A person commits the crime of resisting arrest if he knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor or another, by . . . using any other means which creates a substantial risk of causing bodily injury to such police officer or another."

The defendant concedes that the officers were effecting an arrest when he fled from them[3] and does not deny that he led police officers on a chase that ended with his jumping into the canal. He also concedes that the circumstances of an individual's flight may be such that it creates a substantial risk of bodily injury within the meaning of the statute. He argues that it was error for the judge to deny his motion for a required finding of not guilty because his flight did not create such a risk.

We begin by stating that we agree with the analysis of the Appeals Court insofar as it concluded that G. L. c. 268, § 32B (*a*) (2), "comprehends a defendant's flight where the *circumstances* of such flight expose his pursuers to a 'substantial risk of bodily injury.' "[4] *Commonwealth* v. *Montoya, supra* at 130. As the Appeals Court pointed out, the language of G. L.

---

[3]Resisting arrest "is committed . . . at the time of the 'effecting' of an arrest." *Commonwealth* v. *Grandison*, 433 Mass. 135, 145 (2001), quoting G. L. c. 268, § 32B (*a*). An arrest is effected where there is "an actual or constructive seizure or detention of the person, performed with the intention to effect an arrest and so understood by the person detained." *Commonwealth* v. *Grandison, supra*, quoting *Commonwealth* v. *Cook*, 419 Mass. 192, 198 (1994), *S.C.*, 447 Mass. 1023 (2006), and *S.C.*, 451 Mass. 1008 (2008). See *Commonwealth* v. *Montoya*, 73 Mass. App. Ct. 125, 128 (2008) (defendant arrested no later than when officers confronted him at stairs).

[4]The Appeals Court's decision states that it agrees with the comments to the Model Penal Code that the mere act of flight is beyond the purview of the statute. *Commonwealth* v. *Montoya, supra* at 130. Mere flight is not at issue in this case.

c. 268, § 32B (*a*) (2), mirrors the language of § 242.2 of the Model Penal Code, which states that the crime of resisting arrest is committed where "[a] person creates a substantial risk of bodily injury [to the police]." *Id.* at 130, quoting Model Penal Code and Commentaries § 242.2 (1980). Moreover, comment 2 states that § 242.2 "reaches certain situations in which the circumstances of flight from arrest expose the pursuing officers to substantial danger." *Commonwealth* v. *Montoya, supra* at 130, quoting Model Penal Code and Commentaries, *supra* at § 242.2 comment 2, at 214.

We now turn to whether the judge erred in denying the defendant's motion for a required finding of not guilty. We review the evidence in the light most favorable to the Commonwealth to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Commonwealth* v. *Latimore,* 378 Mass. 671, 677 (1979), quoting *Jackson* v. *Virginia,* 443 U.S. 307, 318-319 (1979).

The defendant argues that, because the officers did not follow the defendant over the fence, they "did not thereby 'expose' themselves to any 'risk of bodily injury,' let alone a 'substantial' one." He also argues that the officers did not testify that they felt that they were in danger. As the Appeals Court stated, "The fact that the officers chose not to scale the fence and jump twenty feet into shallow water is not determinative of the question."[5] *Commonwealth* v. *Montoya, supra* at 132.

Under the plain language of the statute, resisting arrest occurs when a *person* "*creates* a substantial risk" of injuring an officer (emphasis added). The defendant's argument ignores the plain language of the statute in two respects. He places the burden whether a risk was created on the officer's behavior rather than on the "person" creating it. By arguing that the officers must have been actively subject to the risk, i.e., attempting to scale the fence, he also ignores the statute's focus on criminalizing the "creation" of the risk.

Our focus on the creation of a risk is consistent with the comment 2 to § 242.2 of the Model Penal Code ("offense reaches certain situations in which the circumstances of flight from arrest expose the pursuing officers to substantial danger").

[5]We add that the officers' subjective fear also is not determinative.

Moreover, in *Commonwealth* v. *Grandison*, 433 Mass. 135, 144-145 (2001), this court concluded that because Grandison's stiffening of his arms and his momentarily breaking free of an officer's grip "could have caused one of the officers to be struck or otherwise injured," he *created* a *risk* of causing bodily injury within the meaning of the statute.

Here, after the police attempted to arrest the defendant at the stairs:

> "[He] chose to continue his flight. With the officers in pursuit, he fled by foot across a parking lot and down a ramp running alongside buildings, climbed over a chain link fence, and jumped twenty-five feet into the shallow canal. At that point the officers were about thirty feet from the fence.[6] It was late at night and the area was poorly lit. The fence stood at the edge of the canal and had no appreciable 'ledge' on its other side that would permit a person to land or stand."

*Commonwealth* v. *Montoya, supra*. Viewing these circumstances in the light most favorable to the Commonwealth, a rational jury could have concluded that the defendant created a substantial risk of bodily injury to the officers. As the Commonwealth points out, the risk of bodily injury came from the fence located at the precipice of the canal, which presented a tripping hazard, especially in the dim light, as well as from the canal itself whose bottom had a "pretty deep" layer of muck and mire and which was deep enough that the defendant had to tread water until his rescue. There was no error.

*Conclusion.* For the reasons set forth above, the judge properly denied the defendant's motion and renewed motion for a required finding of not guilty.

*Judgment affirmed.*

---

[6]One of the officers testified that he deliberately left this distance from the defendant because he believed the defendant was armed. Such a distance would have provided more opportunity for the officers to seek cover should the defendant shoot at them.