NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-636

COMMONWEALTH

vs.

CARLOS MORA-ACEVEDO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, the defendant was convicted of one count of resisting arrest pursuant to G. L. c. 268, § 32B. On appeal, the defendant contends that (1) there was insufficient evidence to establish two of the elements of resisting arrest, and (2) the judge erred by convicting him on less than proof beyond a reasonable doubt. We affirm.

Discussion. 1. Sufficiency of the evidence. The defendant claims that there was insufficient evidence to support his conviction of resisting arrest. In analyzing the sufficiency of the evidence to support a conviction, the "question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677

(1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).

The defendant first asserts that the Commonwealth failed to adequately prove that he knew the officers intended to arrest him.  We disagree.  To sustain a resisting arrest conviction, the Commonwealth must prove that the defendant "knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest." G. L. c. 268, § 32B (a).  An arrest is effected when there is (1) "an actual or constructive seizure or detention of the person," (2) "performed with the intention to effect an arrest," and (3) "so understood by the person detained."  Commonwealth v. Grandison, 433 Mass. 135, 145 (2001).  "The standard for determining whether a defendant understood that he was being arrested is objective -- whether a reasonable person in the defendant's circumstances would have so understood." Commonwealth v. Grant, 71 Mass. App. Ct. 205, 208 (2008), citing Commonwealth v. Cook, 419 Mass. 192, 199 (1994).

Here, two uniformed police officers pulled up beside the defendant in a marked police cruiser.  The officers informed the defendant that he was the subject of an active arrest warrant. After the officers ordered him several times to keep his hands out of his pockets, the defendant fled.  The officers pursued him, repeatedly ordering him to stop and to show his hands, and

2

eventually warning him at least twice that he would be tased. We are satisfied that in these circumstances, a reasonable person would have understood that he was being arrested. See Grant, 71 Mass. App. Ct. at 208. The defendant's reliance on Commonwealth v. Grant is misplaced: in that case, we held that the evidence of the defendant's understanding was insufficient because the officers did not speak to him before he fled and did not tell him during their pursuit that he was being arrested. See id. at 209-210. Here, the officers immediately informed the defendant of the warrant for his arrest and repeatedly ordered him to stop running. See Commonwealth v. Soun, 82 Mass. App. Ct. 32, 36 (2012) ("police do not need to use the word 'arrest' in order for there to be an arrest. Other phrases and situations commonly associated with arrest can create the required level of understanding" [quotation and citation omitted]).

The defendant further claims that there was insufficient evidence that he created a substantial risk of bodily injury to the arresting officers. Again, we are not persuaded. The defendant fled at night on a main street with at least some traffic passing by. At an intersection, he ran into the street and turned sharply around a parked car into a side street. At least one car stopped abruptly on the main street as the defendant ran off the sidewalk. The side street was quiet, but

the defendant continued running in the middle of it, causing the officers to do the same.  The resisting arrest statute requires proof that the defendant prevented or attempted to prevent an arrest by either using or threatening force or violence, or "using any other means which creates a substantial risk of causing bodily injury to [the arresting] officer or another." G. L. c. 268, § 32B (a) (1)-(2).  The defendant here did not use force or violence, so his conviction rested on proof that he created a substantial risk of bodily injury to the officers or another person.  The defendant argues that his behavior could not have caused a substantial risk of injury to the officers because the chase lasted less than one minute and occurred on the sidewalk and on a quiet side street.

However, the Supreme Judicial Court has emphasized that the resisting arrest statute "criminaliz[es] the 'creation' of the risk" (emphasis added).  Commonwealth v. Montoya, 457 Mass. 102, 105 (2010).  As a result, the officers need not be "actively subject to the risk," so long as the circumstances expose them to a substantial danger.  See id.  Here, the defendant's flight obliged the arresting officers to pursue him at night, along a sidewalk, past an intersection where traffic was passing, and into the middle of a side street.  The officers may not have been in imminent danger, but their pursuit of the defendant exposed them to the risk of being hit by a car or otherwise

4

injured.[1]  Indeed, we have previously observed that a substantial risk of bodily injury existed from potential traffic even where no pedestrians or vehicles were on the street at the time of a police pursuit.  See Commonwealth v. Sylvia, 87 Mass. App. Ct. 340, 342 (2015).  Consequently, in the circumstances of this case, the Commonwealth's evidence was sufficient to prove the second element of resisting arrest beyond a reasonable doubt.  Compare Montoya, 457 Mass. at 106 (defendant created substantial risk that officers could trip or fall when he climbed fence and jumped into canal); Grandison, 433 Mass. at 144-145 (defendant created substantial risk that officers could be struck or injured when he stiffened his arms and pulled his hands away from handcuffs).

2.  Guilty finding.  The defendant claims that the judge improperly considered his criminal record in reaching her decision to find him guilty.  Because the defendant did not object when the judge announced her findings, we review to determine whether there was error, and if so, whether that error created a substantial risk of a miscarriage of justice.  See

_____

[1] The defendant's flight also caused a car to stop abruptly at the intersection, suggesting a potential risk to the car's occupants or other drivers.  See G. L. c. 268, § 32B (a) (2) (defendant resists arrest by creating substantial risk of bodily injury to officers or "another").

5

Commonwealth v. Desiderio, 491 Mass. 809, 815 (2023).  We conclude that there was no error.

The defendant was charged with resisting arrest, G. L. c. 268, § 32B, and disorderly conduct, G. L. c. 272, § 53.  At trial, at the close of the Commonwealth's case, the defendant moved for a required finding of not guilty.  After hearing arguments from both the Commonwealth and the defense, the judge stated that she found "sufficient facts on the resisting."  The judge then heard arguments on the disorderly conduct charge and announced that she did not find sufficient facts relative to that charge.  The judge also stated again that she found "sufficient facts on the resisting."  When both sides asked if that meant she found the defendant guilty, the judge asked to see the defendant's criminal record, explaining that she wanted to decide whether to find him guilty or continue the case without a finding.  Immediately thereafter, the judge entered a guilty finding.

The defendant claims that the judge convicted him on less than proof beyond a reasonable doubt because she reviewed his criminal record before announcing that she found him guilty.  This claim is unpersuasive.  When the judge asked to see the defendant's record, she did so with a view to potentially continuing the case without a finding.  See G. L. c. 278, § 18.  That disposition was not in fact available to the judge after

6

the trial.  See Commonwealth v. Norrell, 423 Mass. 725, 727 (1996) ("Mass. R. Crim. P. 28 (a) makes no provision after a bench trial for disposition by means of a continuance without a finding, calling instead for a finding of guilty or not guilty").  Before that point, however, the judge had already announced her ruling on the disorderly conduct charge, and she had stated twice that she found sufficient facts relative to the resisting arrest charge.  We can infer that by saying that she found sufficient facts, the judge meant sufficient facts to find the defendant guilty of resisting arrest.  The judge indicated that she was deciding between two dispositions:  a finding of guilt or a continuance without a finding.  For purposes of a continuance without a finding, "[a]n admission to sufficient facts means an admission to facts sufficient to warrant a finding of guilty" (quotation omitted).  See Tirado v. Board of Appeal on Motor Vehicle Liability Policies & Bonds, 472 Mass. 333, 338 (2015).  Therefore, for either disposition, the judge needed to find that the facts established at trial were sufficient to prove guilt beyond a reasonable doubt.[2]  By stating twice that she found sufficient facts, the judge indicated that she had determined the factual issues and decided to find the

---

[2] During the discussion on sentencing, the judge also stated specifically that she found the defendant guilty beyond a reasonable doubt.

7

defendant guilty before seeing his criminal history.  It was entirely appropriate to consider the defendant's criminal record for sentencing purposes.  See Commonwealth v. Beverly, 485 Mass. 1, 13 (2020).

Judgment affirmed.

By the Court (Wolohojian,
  Singh & Hand, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered: August 28, 2023.

---

[3] The panelists are listed in order of seniority.